UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TOMASZ KOSOWSKI,

    Plaintiff,

v.                                                     Case No. 8:25-cv-2954-WFJ-AAS

NATHAN VONDERHEIDE, *et al.*,

    Defendants.
_____/

## ORDER

    Tomasz Kosowski, a pretrial detainee at the Pinellas County Jail, initiated this action by filing a *pro se* civil-rights complaint under 42 U.S.C. § 1983. (Doc. 1). In the spring of 2023, Plaintiff was charged with one count of first-degree murder in the Sixth Judicial Circuit Court. *State v. Kosowski*, No. 23-CF-2935, Indictment (Fla. 6th Jud. Cir. Ct.). The case is currently set for trial in September 2026. *Id.*, Docket.

    In his civil-rights complaint, Plaintiff sues the "prosecutorial team" of Bruce Bartlett, Nathan Vonderheide, and Alexandra Spadaro for alleged violations of his constitutional rights. (Doc. 1 at 2-5). Plaintiff claims that, in April 2025, he had "several video telephone conversations" with his mother about "possibly firing" his retained attorney. (*Id.* at 5). Plaintiff decided "not to fire [his] private attorney," but the prosecution allegedly gave the videos to the attorney and told him that Plaintiff "was going to fire him." (*Id.*) This allegedly caused his attorney to seek to withdraw from the case. (*Id.*) At the hearing on the motion to withdraw, Mr. Vonderheide allegedly made the "false[]"

statement that Plaintiff was "still seeking to fire [his] attorney." (*Id.*) The motion to withdraw was granted. (*Id.*) Plaintiff separately alleges that, during a July 2023 bond hearing, Mr. Vonderheide "provided false witness testimony to portray [Plaintiff] as a flight risk." (*Id.*) Finally, Plaintiff claims that the prosecution engaged in "misconduct" by "plac[ing] and manipulat[ing] . . . jailhouse informants." (*Id.*) Based on these allegations, Plaintiff seeks $45 million in damages. (*Id.*)

After careful review, 28 U.S.C. § 1915A, the Court concludes that it must abstain from hearing this action under the *Younger* abstention doctrine. *Younger v. Harris*, 401 U.S. 37 (1971). *Younger* provides that, absent "extraordinary circumstances," a federal court should "abstain from deciding issues implicated in an ongoing criminal proceeding in state court." *Thompson v. Wainwright*, 714 F.2d 1495, 1503 (11th Cir. 1983); *see also Green v. Jefferson Cnty. Comm'n*, 563 F.3d 1243, 1250 (11th Cir. 2009). *Younger* identified those "extraordinary circumstances" as follows: "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1263 n.6 (11th Cir. 2004). "The Eleventh Circuit has extended *Younger* to § 1983 cases seeking damages, *Doby v. Strength*, 758 F.2d 1405, 1406 (11th Cir. 1985), with the proper course of action being to stay the federal case rather than to dismiss it." *Mellen v. Florida*, No. 3:13-cv-1233-MMH-PDB, 2014 WL 5093885, at *6 (M.D. Fla. Oct. 9, 2014).

*Younger* abstention is appropriate here. Resolving Plaintiff's claims of prosecutorial misconduct "would at a minimum indirectly interfere with [his] state criminal proceeding."

*Tribble v. Tew*, 653 F. App'x 666, 667 (11th Cir. 2016); *see also Ivey v. Maddox*, No. 1:22-cv-4296-MLB-CMS, 2023 WL 11960553, at *1 (N.D. Ga. Dec. 20, 2023) (abstaining under *Younger* where plaintiff alleged, among other things "prosecutorial misconduct"), *adopted by* 2024 WL 4545650 (N.D. Ga. Apr. 16, 2024).  Moreover, Plaintiff "may raise any constitutional challenges at his criminal trial" and, if necessary, on appeal. *Dorminy v. Digiovanni*, No. 2:25-cv-192-JLB-KCD, 2025 WL 1078945, at *3 (M.D. Fla. Apr. 10, 2025). Lastly, Plaintiff identifies no "extraordinary circumstances" warranting federal interference in his ongoing criminal case. *Thompson*, 714 F.2d at 1503. Therefore, this action must be stayed until Plaintiff's state criminal proceedings conclude.

Accordingly, the Clerk is directed to **STAY** and **ADMINISTRATIVELY CLOSE** this case until Plaintiff's state criminal proceedings conclude. No later than **THIRTY DAYS** after the state criminal proceedings conclude, Plaintiff must move to lift the stay and to reopen this case if he wishes to pursue his civil-rights claims. Failure to timely comply will result in the dismissal of this action without further notice.

**DONE** and **ORDERED** in Tampa, Florida, on November 3, 2025.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE